UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESSE E. PHILLIPS, | § | |
| | § | CIVIL ACTION NO. 3: 05-CV-1360-B |
| Appellant. | § | |

## MEMORANDUM ORDER

Before the Court is an appeal by Appellant Jesse E. Phillips, appearing *pro se*. Phillips did not timely file his appeal, did not pay the filing fee, did not identify an Appellee, and has not filed a brief or legal argument of any sort. Because this Court lacks jurisdiction over Phillips's appeal, the Court **DISMISSES** Phillips's appeal.

### I. BACKGROUND

Because of the complete lack of briefing (due, perhaps to Phillips's failure to name an Appellee), the Court is unaware of the factual background of this case. Based on what it can glean from Phillips's "Notice of Appeal, Motion for a New Trial (Jury)," filed July 6, 2005, Phillips appears to complain about a six-line June 21, 2005 Order by the Bankruptcy Court granting Green Tree Servicing, L.L.C.'s Motion to Dismiss Phillips's Motion for Sanctions. In his Notice, Phillips requests that the Bankruptcy Judge step down from the case because of the Bankruptcy Judge's bias and abuse of discretionary powers. The Court now turns to its decision.

### II. ANALYSIS

As an initial matter, this Court has an obligation to first consider whether it has jurisdiction to hear this appeal. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)(stating that "subject-matter delineations must be policed by the courts on their own initiative even at the highest

level"). If the Court lacks subject matter jurisdiction, the Court has no power to adjudicate the claim and must dismiss the action. *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).

The Court notes that district courts do have jurisdiction to hear appeals from orders of bankruptcy judges entered in cases and proceedings referred to bankruptcy courts. 28 U.S.C. § 158(a) (1993 & Supp. 2005). However, pursuant to Rule 8002 of the Federal Rules of Bankruptcy Procedure, a notice of appeal must be filed within ten (10) days of entry of the order appealed from. Fifth Circuit precedent is clear that failure to file a notice of appeal within ten days is a jurisdictional defect that cannot be waived. *In re: Don Vicente Macias, Inc.*, 168 F.3d 209, 211 (5th Cir. 1999); *In re Aguilar*, 861 F.2d 873, 874 (5th Cir. 1988)(per curiam). Thus, the Court must examine whether Phillips's Notice of Appeal was timely filed.

Under bankruptcy rules, if the time period prescribed is eight (8) days or more, intermediate weekends and holidays are included in calculating deadlines. FED. R. BANKR. P. 9006(a). Because the time to file a notice of appeal is ten days, FED. R. BANKR. P. 8002(a), the Court must include weekends and holidays in its calculations. The order Phillips appeals from was entered on June 21, 2005. Thus, adding three days for service by mail, *see* FED. R. BANKR. P. 9006(f), Phillips was required to file his notice of appeal by July 5, 2005. Phillips, however, did not file his Notice of Appeal until July 6, 2005. Because Phillips's Notice of Appeal was not timely filed, the Court lacks jurisdiction to entertain his appeal.[1] *See In re: Don Vicente Macias*, 168 F.3d at 211.

---

[1] The Court also notes that pursuant to Rule 8009(a) of the Federal Rules of Bankruptcy, Phillips was required to file a brief within fifteen (15) days after entry of his appeal on the docket. Phillips's appeal was docketed over three (3) months ago. He has clearly missed his briefing deadline.

## III. CONCLUSION

Because Phillips's Notice of Appeal was untimely filed, the Court lacks subject matter jurisdiction over this case. As such, the Court **DISMISSES** Phillips's Appeal.

**SO ORDERED.**

**SIGNED October 19th, 2005**

**JANE J. BOYLE**
**UNITED STATES DISTRICT JUDGE**